AUDRA R. BEHNÉ
LAW OFFICES OF AUDRA R. BEHNÉ
A Professional Corporation
14724 Ventura Boulevard, 2nd Floor
Sherman Oaks, CA 91403
Tel - (818) 881-2155
Fax - (818) 995-0007
audrabehne@aol.com

California Bar No. 180038

Attorney for Loganayagam Jeyanayagam, Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LOGANAYAGAM JEYANAYAGAM )     CV NO: 3748
                                          )
        Plaintiff,                        )     WHA
                                          )
vs.                                       )
                                          )     PETITION FOR HEARING ON
                                          )     ON NATURALIZATION
                                          )     APPLICATION
EMILIO T. GONZALEZ, Director of the       )
United States Citizenship and Immigration )     IMMIGRATION CASE
Services; ROSEMARY MELVILLE, District     )
Director of the San Francisco District Office )
for the United States Citizenship and Immigration )
Services; UNITED STATES CITIZENSHIP       )
AND IMMIGRATION SERVICES;                 )
MICHAEL CHERTOFF, Secretary of the        )
Department of Homeland Security;          )
ALBERTO GONZALES, United States Attorney  )
General; ROBERT MUELLER, Director of the  )
Federal Bureau of Investigations; and FEDERAL )
BUREAU OF INVESTIGATIONS                  )
                                          )
        Defendants.                       )
_____)

1

Complaint

## I. INTRODUCTION

1. This is an action for a hearing on a naturalization application in accordance with the provision of 8 U.S.C. § 1447(b). It is brought for the purpose of adjudication of the naturalization application in court and by the court, or a remand to CIS for immediate adjudication.

## II. PARTIES

2. Plaintiff, Loganayagam Jeyanayagam, is a legal permanent resident residing within the San Francisco District of the United States Citizenship and Immigration Services.

3. Defendant, Emilio T. Gonzalez, is the Director of the United States Citizenship and Immigration Services. He is sued in his official capacity.

4. Defendant, Rosemary Melville, is the District Director of the San Francisco office for the United States Citizenship and Immigration Services. She is sued in her official capacity.

5. Defendant, United States Citizenship and Immigration Services is the agency responsible for implementing the provisions of the Immigration and Nationality Act and is the successor agency to the Immigration and Naturalization Service.

6. Defendant, Michael Chertoff, is the Secretary of the United States Department of Homeland Security, which overseas the United States Citizenship and Immigration Services. He is sued in his official capacity.

7. Defendant, Alberto Gonzales, is the Attorney General of the United States. He is sued in his official capacity.

8. Defendant, Robert Mueller, is the Director of the Federal Bureau of Investigations, the federal agency that is responsible, in conjunction with other agencies, for completing security checks and background clearances of foreign nationals seeking immigration benefits from the United States Citizenship and Immigration Services.

2

Complaint

9. Defendant, Federal Bureau of Investigations is the federal agency, which is responsible, in conjunction with other agencies, for completing security checks and background clearances of foreign nationals seeking immigration benefits from the United States Citizenship and Immigration Services.

### III. JURISDICTION AND VENUE

10. Jurisdiction of this court is invoked pursuant to 8 U.S.C. § 1447(b) (2006), Immigration & Nationality Act (INA) § 336(b) (2006); pursuant to 28 U.S.C. § 1331 (2006), this being an action which arises under the Constitution and laws of the United States, specifically the Immigration and Nationality Act, 8 U.S.C. § 110, et seq. (2006); and pursuant to 5 U.S.C. § 555 and § 701, et. seq. (2006), this being an action alleging violation of the Administrative Procedure Act.

11. Venue properly lies in this Court pursuant to the provisions of 28 U.S.C. § 1391(e) (2006); and 28 USC § 1402 (2006).

12. Plaintiff alleges eligibility for payment of reasonable attorney's fees under the terms of the Equal Access to Justice Act. 28 U.S.C. § 2412 (2006) and 5 USC § 504 et seq. (2006)

### IV. INTRADISTRICT ASSIGNMENT

13. Pursuant to Civil L.R. 3-2, the Oakland division has jurisdiction over this matter as Plaintiff resides in Alameda County.

### V. FACTUAL BACKGROUND

14. Plaintiff has been a legal permanent resident of the United States since August 13, 1982.

Complaint

Case 3:07-cv-03748-WHA   Document 1   Filed 07/20/2007   Page 4 of 8

15. On or about August 8, 2003, Plaintiff filed an Application for Naturalization, Form N-400, with the United States Citizenship and Immigration Services. Plaintiff's alien number ("A number") is 26-341-675.

16. On or about March 16, 2004, Plaintiff appeared before an interviewing officer in Oakland, California for an examination of the Application for Naturalization. At the conclusion of the interview, Plaintiff was told that he passed the history and civics tests, but that his case could not be completed because his background clearance was still pending.

17. Plaintiff met all the statutory requirements for naturalization as set out in Title 8 U.S.C. § 1427, INA § 316, including residence, physical presence, age, good moral character and legal status for naturalization.

18. Plaintiff has made numerous inquires, requesting adjudication of the application. It has been over three years since the interview, and to date, the Application for Naturalization remains unadjudicated.

## VI. CAUSES OF ACTION

### A. ADJUDICATION OF THE NATURALIZATION PETITION IN COURT AND BY THE COURT

19. Plaintiff filed an Application for Naturalization, as previously described hereinabove, with Defendants. Defendants have accepted the application and the corresponding filing fees paid by Plaintiff. Plaintiff has also submitted all the necessary documents in support of said application.

20. Title 8 C.F.R. § 335.3(a) provides that "[a] decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the application for naturalization under §335.2."

4

Complaint

21. Through purposeful acts, negligence, poor management and/or inattention, defendants have failed to complete the ministerial actions that would result in making a determination on Plaintiff's naturalization application as prescribed by INA section 335, 8 U.S.C. § 1446(2006).

22. Several inquiries have been submitted requesting information regarding the current status of Plaintiff's petition, as well as for the determination on this petition. These inquiries were submitted in accordance with the procedures established by Defendants for such purposes.

23. Defendants have not taken action to complete the adjudication of said petition in this action despite these numerous inquiries and requests.

24. Defendants have adjudicated similar petitions filed by persons who are not parties to this action and which were filed subsequent to the application filed by Plaintiff.

25. Defendants do not employ any reasonable system to safeguard that: (1) files are centrally monitored to guarantee that they are being closed out on a rational, efficient and nonpreferential basis; or (2) applicants are provided with information on the status of files that have not been adjudicated on a timely basis.

26. Plaintiff has been denied due process of law under the terms of the Fifth Amendment to the United States Constitution by Defendants' neglect and refusal to take action to adjudicate Plaintiff's application.

27. Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendants' delay and refusal to take action. This harm includes: an unreasonable delay in establishing eligibility for United States citizenship, as well as the many benefits, rights and privileges of United States citizens; and generally, continuing mental distress resulting from his unsettled legal condition.

28. There is no reasonable basis for Defendants' position and it is not substantially justified under the law.

29. Defendants have in their possession all information necessary to complete the adjudication of Plaintiff's Application for Naturalization. Defendants' failure to complete this administrative processing is a disregard of their official duty and clear language of the statute and the agency regulations, which provides that a decision to grant or deny the application shall be made at the time of the initial examination or within 120 days after the date of the initial examination. Plaintiff is wholly without remedy, under the circumstances, unless this Court adjudicates this petition.

30. Title 8 USC 1447(b), INA § 336(b), states that a naturalization applicant may apply to the United States district court for a hearing on his naturalization application, if CIS fails to adjudicate within 120 days after the date of the initial examination. As such, Plaintiff requests that this Court to adjudicate his naturalization application in court and by the court.

**B. ADMINIATRATIVE PROCEDURE ACT**

31. The Administrative Procedure Act (hereinafter "APA") provides categorically that:

> [t]he reviewing court shall-
> (1) compel agency action unlawfully withheld or unreasonably delayed; and
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be-
> A) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law; [or]
> B) contrary to constitutional right, power, privilege or immunity....

Title 5 U.S.C. § 706 (2006). Defendants' conduct in failing to process the Applications to Adjust Status is in violation of the APA.

32. The APA provides categorically that "within a reasonable time, each agency shall proceed to conclude any matter presented to it." Title 5 U.S.C. § 555(b) (2006). In recognition

6

Complaint

that a failure or unwarranted refusal to adjudicate should be enjoined, Congress provided that courts may review the inaction of an agency and specifically "compel agency action unlawfully withheld or unreasonably delayed." Title 5 U.S.C. § 706 (2006).

33. Defendants' conduct in failing to process Applications to Adjust Status, as described in the aforementioned allegations, is capricious and arbitrary and results in severe and unwarranted delay to Plaintiff in obtaining valuable citizenship benefits. The delay so incurred is tantamount to a violation of the APA, Title 5 U.S.C. § 555 and §706.

34. Plaintiff has suffered and continues to suffer severe and irreparable injury for which he has have no adequate remedy at law.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That this Court adjudicates the Form N-400 naturalization application in Court and by the Court;

2. Alternatively, this Court order remand to the United States Citizenship and Immgiration Services for immediate adjudication and determination;

3. That Defendants be permanently enjoined from refusing to communicate with attorney for Plaintiff regarding the status of the case;

3. That Defendants be ordered to pay the cost of suit herein;

4. That Defendant be ordered to pay Plaintiff's reasonable attorney's fee for this action; and

5. That the Court grants such other and further relief as it may deem to be necessary and proper.

7

Complaint

Dated: July 18, 2007

Respectfully submitted,

LAW OFFICES OF AUDRA R. BEHNÉ

*Audra R. Behné*

AUDRA R. BEHNÉ
Attorney for the Plaintiff